UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. CHARLES PARISH, A POLITICAL SUBDIVISION OF THE STATE OF LOUISIANA AND MATTHEW JEWELL, IN HIS OFFICIAL CAPACITY AS ST. CHARLES PARISH PRESIDENT<br>    *Plaintiffs*,<br><br>v.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY<br>    *Defendant*. | CIVIL ACTION:<br><br><br>JUDGE<br><br><br>MAGISTRATE JUDGE |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This action is brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., for declaratory, injunctive, and other appropriate relief to compel an adequate search and the immediate processing and release of agency records improperly withheld from Plaintiffs, St. Charles Parish, Louisiana and St. Charles Parish President, Matthew Jewell, by Defendant, the Federal Emergency Management Agency ("FEMA").

2. St. Charles Parish, one of Louisiana's River Parishes, relies on the National Flood Insurance Program ("NFIP") to provide flood insurance to St. Charles Parish residents.

3. In efforts to update the NFIP's risk rating methodology, FEMA implemented a new pricing methodology dubbed "Risk Rating 2.0." In various publications, FEMA asserts that the purpose of Risk Rating 2.0 is to deliver rates that are more equitable and easier to

1

understand, that better reflect a property's individual flood risk, and that provide individuals and communities with information to make more informed decisions on purchasing flood insurance.

4.  In October 2021, FEMA issued findings in connection with Risk Rating 2.0, which indicated a sharp increase in premium values for Louisiana residents across the state from April 2022 to April 2023.  However, FEMA did not provide information specific to parishes or beyond April 2023.

5.  On April 19, 2023, FEMA issued new information that confirmed what Louisiana and St. Charles Parish residents feared. NFIP flood insurance policies in St. Charles Parish written under Risk Rating 2.0 will increase on average from $815 to $2,766. Accordingly, St. Charles Parish residents and property owners can expect to see their flood insurance premiums triple based on the Risk Rating 2.0 methodology.  The premiums developed through Risk Rating 2.0 threaten to price residents and property owners out of St. Charles Parish and the surrounding region.

6.  Despite the significant and potentially catastrophic financial impact these increases will have on St. Charles Parish residents, and Louisiana residents more broadly, FEMA has declined to release the data that it relied upon to set the new premiums.  Through a public records request pursuant to FOIA, Plaintiffs sought the information and data FEMA used to develop and implement Risk Rating 2.0. Such information has a significant compelling public interest because it will inform and drive how St. Charles Parish invests public taxpayer dollars, such as in certain flood protection projects or other life-safety investments.

7. FEMA denied Plaintiffs' request on the basis that the information is confidential and constitutes trade secrets but failed to indicate whether it performed any search for responsive documents or what information is being withheld.

## JURISDICTION

8. The Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question).   The Court also has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201.

## VENUE

9.  Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because Plaintiffs reside in this district.

## PARTIES

10. Plaintiff, St. Charles Parish, is a political subdivision of the State of Louisiana.

11. Plaintiff, Matthew Jewell, is the President of St. Charles Parish, Louisiana.

12. Defendant, the Federal Emergency Management Agency (FEMA), is a federal agency within the federal Department of Homeland Security.

## LEGAL BACKGROUND

13.  "The FOIA was enacted to 'pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010) (quoting *Dep't of the Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976)). "Consistently with this purpose, as well as the plain language of the Act, the strong presumption in favor of disclosure places the burden on the agency to justify the

withholding of any requested documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173, 112 S. Ct. 541, 547, 116 L. Ed. 2d 526 (1991).

14. "FOIA requires federal agencies to disclose documents within their control upon request unless the documents fall within one of nine enumerated exceptions." *Berk v. Exec. Off. of United States Att'ys*, No. 21-10693, 2022 WL 17337821, *1 (5th Cir. Nov. 30, 2022) (citing 5 U.S.C. § 552(b)(1)-(9)). The exemptions to disclosure are explicitly limited by statute and should be construed narrowly. *Rose*, 425 U.S. at 361.

15. FOIA requires an agency to perform "a search reasonably calculated to yield responsive documents." *Batton*, 598 F.3d at 176. "An agency may demonstrate that it conducted an adequate search by showing that it used "methods which can be reasonably expected to produce the information requested." *Id*. (citations omitted).

16. After submitting the request, the agency shall have 20 days (excluding Saturdays, Sundays, and legal public holidays) after receipt of the request to determine whether to comply with the request. 5 U.S.C. § 522(a)(6)(A)(i).

17. Any person who receives an adverse determination from the agency may appeal to the appropriate appeals officer within 90 working days after the date of the agency's response. 6 C.F.R. § 5.8; 5 U.S.C. 552(a)(6)(A)(i)(III).

18. The agency shall make a determination with respect to any appeal within 20 days (excluding Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

19. If the agency fails to make a timely determination, the requester constructively exhausts his administrative remedies and may seek judicial review. 5 U.S.C. § 552(a)(6)(C).

**FACTUAL ALLEGATIONS**

20. On November 3, 2022, Plaintiffs submitted the following FOIA request to FEMA: "Please provide all data including but not limited to modeling data used to calculate NFIP flood insurance premiums in St. Charles Parish, Louisiana, in Risk Rating 2.0."

21. On November 23, 2022, Plaintiffs received a response from FEMA asking for clarity about the specific data sought because it would "help the search tasker in finding records."

22. Plaintiffs responded the same day, November 23, 2022, stating, "The NFIP uses risk modeling to determine how much premium to charge participants who participate in the flood insurance program. I am requesting the risk model used to assign premiums to St. Charles Parish residents. I believe Milliman was the company that did the modeling for FEMA." Plaintiffs did not receive any further requests for clarity or information.

23. Despite multiple follow-up communications regarding the status of the request, Plaintiffs did not receive a Final Response from FEMA until January 27, 2023.

24. FEMA's Final Response indicated that a search was conducted but no records would be released in response pursuant to Exemption (b)(4) under 5 U.S.C. § 552. FEMA reasoned that the information requested is considered a "trade secret" and thus exempted.

25. To explain why it determined the requested records were confidential or trade secrets, and thus exempted, FEMA stated:

> [t]he Risk Rating Engine was designed using privately held data that the US government purchased through contracting. Forcing the government through FOIA to reveal the proprietary data of the third party would breach exemption 4 of [FOIA] which protects trade secrets and commercial financial information. The modeling information is very valuable and the company that produced it would be at a significant loss if it were to be made public.

26. On February 27, 2023, Plaintiffs submitted an appeal of FEMA's Final Response ("Appeal Letter"), which was timely pursuant to 5 U.S.C. § 552(a)(6)(A) and 6 C.F.R. § 5.8.

27. In the Appeal Letter, Plaintiffs provided three different grounds as to why FEMA's response was inadequate and violates FOIA: (1) FEMA failed to state whether it does or does not possess any of the requested information; (2) the response was vague as to whether FEMA reviewed any documents in response to the request, determined if any documents were responsive, or how it determined whether the documents constituted trade secrets; and (3) FEMA relied on an outdated standard for what constitutes "confidential" under 5 U.S.C. § 552(b)(4), which the United States Supreme Court recently addressed in *Food Mktg. Inst. v. Argus Leader Media*, 204 L. Ed. 2d 742, 139 S. Ct. 2356 (2019).

28. On March 16, 2023, while Plaintiffs' administrative appeal was pending, FEMA requested "specific examples of records that fall under 'all data' described in the request." FEMA requested a response no later than March 23, 2023.

29. Plaintiffs responded to FEMA's correspondence on March 23, 2023, noting that the inquiry was almost identical to FEMA's inquiry in response to Plaintiff's initial FOIA request in November 2022. Plaintiffs added that "because FEMA has refused to disclose any information that it used to determine premiums charged by the NFIP for flood insurance coverage . . . it is impossible for St. Charles Parish to provide examples of the information that FEMA itself used in setting its own flood insurance premiums."

30. On April 14, 2023, a representative of FEMA's Disclosure Branch informed Plaintiffs that a second search for documents had been conducted, and it was "awaiting a transfer of the records from the program office from which the records originated in" and

anticipated "being in receipt of these records soon." FEMA did not provide any indication of what records had been located or when Plaintiffs could expect to receive the records.

31. As of this date, FEMA has not issued a determination on Plaintiffs' FOIA Appeal, which is beyond the 20 business days allowed under 5 U.S.C. § 552(a)(6)(A)(ii). Accordingly, Plaintiffs have constructively exhausted their administrative remedies and the request is ripe for judicial review.

32. FEMA's failure to timely respond to Plaintiffs' requests violates FOIA.

**WHEREFORE**, Plaintiffs pray that this Court declare that FEMA has violated FOIA, 5 U.S.C. § 552; order FEMA to immediately process Plaintiffs' FOIA request; order FEMA to make a full and adequate search for the requested records; order FEMA to identify what documents or information, if any, is being withheld as confidential or trade secrets pursuant to Exemption (b)(4); order FEMA to produce the requested records no later than seven (7) days; award Plaintiffs costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E); and grant such other relief that this Court deems just and proper.

Respectfully submitted,

**ADAMS AND REESE LLP**

/s/ Christopher J. Kane
CHRISTOPHER J. KANE (#29282)
ERICA P. SENSENBRENNER (#38400)
701 Poydras Street, Suite 4500
New Orleans, LA  70l39
Telephone: (504) 58l-3234
Facsimile:  (504) 566-0210
christopher.kane@arlaw.com
erica.sensenbrenner@arlaw.com

AND

          COREY M. OUBRE (#28709)
          Director of Legal Services
          St. Charles Parish
          723 Paul Maillard Road
          Luling, LA 70070
          Telephone: (985) 783-5013
          Facsimile: (985) 307-0861
          cmoubre@stcharlesgov.net

          AND

          ROBERT L. RAYMOND (#11408)
          Assistant Director of Legal Services
          St. Charles Parish
          14108 River Road
          Destrehan, LA 70047
          Telephone: (985) 783-5013
          Facsimile: (985) 307-0861
          rraymond@stcharlesgov.net

          ***Attorneys for Plaintiffs***

**Service to be made on Defendant as follows:**
FEDERAL EMERGENCY MANAGEMENT AGENCY
Hon. Duane Evans, United States Attorney for the Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130

**Copies to be delivered by registered or certified mail to:**
FEDERAL EMERGENCY MANAGEMENT AGENCY
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

FEDERAL EMERGENCY MANAGEMENT AGENCY
FRC 800 North Loop 288
Denton, Texas 76201

FEDERAL EMERGENCY MANAGEMENT AGENCY
Office of Chief Administrative Officer, Information Management Division
500 C Street, SW, Seventh Floor, Mail Stop 3172
Washington, DC 20472