## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. CHARLES PARISH, A POLITICAL SUBDIVISION OF THE STATE OF LOUISIANA, AND MATTHEW JEWELL, IN HIS OFFICIAL CAPACITY AS ST. CHARLES PARISH PRESIDENT, | |
| *Plaintiffs*, | Civil Action No. 2:23-cv-01369 |
| v. | Section P |
| FEDERAL EMERGENCY MANAGEMENT AGENCY, | Judge Papillion |
| *Defendant*. | Magistrate Judge North |

### MEMORANDUM IN SUPPORT OF
### MOTION FOR A PROTECTIVE ORDER PRECLUDING DISCOVERY

Plaintiffs St. Charles Parish and Matthew Jewell brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel Defendant, the Federal Emergency Management Agency ("FEMA"), to produce "all data including but not limited to modeling data used to calculate [National Flood Insurance Program] flood insurance premiums in St. Charles Parish, Louisiana, in Risk Rating 2.0," FEMA's actuarial update to premium calculations. Compl. ¶ 20, Dkt. 1. FEMA filed a timely answer to the Complaint on June 26, 2023, Dkt. 9, and is currently engaged in processing responsive records, Ex. A at 3. But before FEMA could finish processing records, determine which records to produce and which to withhold, and move for summary judgment if necessary—as is the ordinary course in FOIA cases—Plaintiffs served the attached Interrogatories and Requests for Production on August 11, 2023. Ex. B. On August 15, 2023, FEMA wrote a letter to Plaintiffs to provide its objections to the discovery request, explaining to Plaintiffs that they had no legal basis to seek discovery before summary judgment,

requesting that Plaintiffs withdraw their request by August 17, 2023, and informing Plaintiffs that it would move for a protective order if they did not comply.  Ex. A.  Plaintiffs did not comply.  Ex. C.

As a result, FEMA seeks a protective order from the Court under Fed. R. Civ. P. 26(c). Overwhelming case law establishes that discovery is generally unavailable in FOIA actions.  And overwhelming case law establishes that to the extent discovery is available, it is generally permissible only after the government has moved for summary judgment, only after the government has had the opportunity to cure any defects in its summary judgment submissions, and only on the narrow question of the adequacy of the government's search for responsive records. Because Plaintiffs have sought discovery before summary judgment, their request is unwarranted and at best premature.  Moreover, to the extent Plaintiffs seek discovery on issues beyond the adequacy of FEMA's search, their request is inappropriate.

## STANDARD OF REVIEW

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The movant bears the burden of showing that a protective order is necessary and must show "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *EEOC v. BDO USA, LLP*, 876 F.3d 690, 698 (5th Cir. 2017) (quotation marks omitted).  "A trial court enjoys wide discretion in determining the scope and effect of discovery."  *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982).

## ARGUMENT

### I.     Plaintiffs' Discovery Request Is Unwarranted

Discovery is generally inappropriate and exceedingly rare in FOIA cases.  *See, e.g.*,

*Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (similar); *Brewer v. U.S. Dep't of Just.*, No. 3:18-CV-1018-B-BH, 2018 WL 6068945, at *1 (N.D. Tex. Nov. 20, 2018) (summarizing cases); *Jobe v. Nat'l Transp. Safety Bd.*, No. CV 18-10547, 2019 WL 13222971, at *1 (E.D. La. Aug. 29, 2019) (summarizing cases).  While plaintiffs are ordinarily afforded great latitude to conduct discovery in civil cases pursuant to Fed. R. Civ. P. 26(b), that is not the case in FOIA actions.  Rather, discovery is the exception, not the rule, in FOIA actions. *See, e.g., Heily v. U.S. Dep't of Commerce*, 69 F. App'x 171, 174 (4th Cir. 2003) (per curiam); *Jud. Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000); *Van Mechelen v. U.S. Dep't of the Interior*, 2005 WL 3007121, *5 (W.D. Wash. Nov. 9, 2005). This is because FOIA cases are almost always resolved by way of summary judgment motions, with neither party conducting discovery.  *See, e.g.*, *Rugiero v. U.S. Dep't of Just.*, 257 F.3d 534, 544 (6th Cir. 2001) ("Procedurally, district courts typically dispose of FOIA cases on summary judgment before a plaintiff can conduct discovery."); *accord Cooper Cameron Corp. v. U.S. Dep't of Labor*, 280 F.3d 539, 543 (5th Cir. 2002); *Jones v. FBI,* 41 F.3d 238, 242 (6th Cir. 1994); *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993); *Jobe*, 2019 WL 13222971, at *1.

At summary judgment, the government's summary judgment submission includes a declaration and/or *Vaughn* index that describes any withheld information with enough detail to demonstrate that the information is properly exempt under a FOIA exemption, and also explains how disclosure of the particular information would damage the interest protected by the claimed FOIA exemption.  *See, e.g.*, *Rugiero*, 257 F.3d at 544; *Vaughn v. Rosen*, 484 F.2d 820, 824 (D.C. Cir. 1973); *Driggers v. United States*, No. 3:11-CV-0229-N, 2011 WL 2883283, at *1–2 (N.D. Tex. July 18, 2011); *Jobe*, 2019 WL 13222971, at *3; *see also, e.g., Wickwire Gavin, P.C. v. U.S.*

3

*Postal Service*, 356 F.3d 588, 591 (4th Cir. 2004) ("FOIA cases are generally resolved on summary judgment once the documents at issue have been properly identified."); *Cappabianca v. Comm'r, U.S. Customs Serv.*, 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) (same). If the plaintiff challenges the adequacy of the search, the agency's declaration would describe the agency's search for responsive records. *See, e.g.*, *Exxon Mobil Corp. v. U.S. Dep't of Interior*, No. CIV.A. 09-6732, 2010 WL 4668452, at *5 (E.D. La. Nov. 4, 2010), *objections overruled*, No. CIV.A. 09-6732, 2011 WL 39034 (E.D. La. Jan. 3, 2011). The purpose of the declaration and/or *Vaughn* index is to provide the plaintiff with a meaningful opportunity to contest, and the Court an adequate foundation to review, the adequacy of the agency's search and the soundness of any withholdings. *See, e.g.*, *Wiener v. FBI*, 943 F.2d 972, 977 (9th Cir. 1991), *reh'g denied*, 951 F.2d 1073, (9th Cir. 1991); *King v. U.S. Dep't of Just.*, 830 F.2d 210, 218 (D.C. Cir. 1987); *Driggers*, 2011 WL 2883283, at *1. If Court is satisfied that the index is sufficiently specific and that any supporting affidavits are sufficiently detailed and submitted in good faith,[1] and the plaintiff has not adequately called these submissions into question, summary judgment—without any discovery—is the appropriate mechanism for resolving the case. *See, e.g.*, *Rugiero*, 257 F.3d at 544; *Carney v. U.S. Dep't of Just.*, 19 F.3d 807, 812 (2d Cir. 1994); *Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of Treasury*, 534 F. Supp. 2d 1126, 1131–32 (N.D. Cal. 2008); *Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), *aff'd*, 349 F.3d 657 (D.C. Cir. 2003); *Jobe*, 2019 WL 13222971, at *1.

In light of these well-established principles governing FOIA cases, it is well within the Court's discretion to prevent any discovery in this case "until after action on a motion for summary

---

[1] Agency affidavits are entitled to a presumption of good faith. *See, e.g.*, *Jones*, 41 F.3d at 242 (citing *U.S. Dep't of State v. Ray*, 502 U.S. 164, 179 (1991)).

judgment." *Negley v. FBI*, 589 F. App'x 726, 732 (5th Cir. 2014). "Allowing Plaintiff to conduct . . . discovery before Defendant[] file[s] a motion for summary judgment would essentially provide the relief [it] seeks through [a FOIA] lawsuit. Only after [Defendant] file[s] a motion for summary [judgment] and supporting affidavits will the Court have the information necessary to appropriately limit the scope of discovery or forgo it entirely." *Driggers,* 2011 WL 2883283, at *2. As a result, courts across the country routinely prevent pre-summary judgment requests for discovery. Plaintiffs identify *zero* basis for departing from longstanding case law governing FOIA cases. They have identified no case law to support their position that "[t]he Eastern District of Louisiana has permitted similar limited written discovery." Ex. C at 2. Plaintiffs simply try to factually distinguish two cases that FEMA relies on, *Jobe* and *Exxon*, on the grounds that the cases concerned different types of discovery. Ex. C at 2. Yet Plaintiffs ignore the legal reasoning of those cases (and the many others FEMA has cited), which foreclose their attempt to obtain discovery before summary judgment. *See Jobe*, 2019 WL 13222971, at *2 (explaining that discovery is only permissible after summary judgment, and denying discovery as to the sufficiency of the *Vaughn* index since the district court had not yet resolved defendant's motion for summary judgment); *Exxon,* 2010 WL 4668452, at *4–5 (similarly explaining that discovery is permissible only after "the defendant has moved for summary judgment in a FOIA case on the basis that it has produced all identifiable, non-exempt documents, and has provided sworn affidavits in support of that argument"). On this basis, the Court should grant FEMA a protective order against Plaintiffs' Interrogatories and Requests for Production. Ex. B.

Plaintiffs' attempts to obtain discovery are at best premature. Indeed, "[o]nly after the government has filed its [summary judgment materials] can a factual issue arise that is properly the subject of discovery." *Driggers,* 2011 WL 2883283, at *1 (citing *Murphy v. FBI*, 490 F. Supp.

5

1134, 1137 (D.D.C. 1980)).  To the extent district courts allow discovery in FOIA cases after this point, they do so "sparingly," and generally only on the limited question of the adequacy of the agency's search for responsive records and its identification and retrieval procedures.  *See, e.g.*, *Jobe*, 2019 WL 13222971, at *1–2; *accord Lawyers' Comm. for Civil Rights*, 534 F. Supp. 2d at 1131-32; *Schiller v. INS*, 205 F. Supp. 2d 648 (W.D. Tex. 2002); *Exxon*, 2010 WL 4668452, at *4–6.  If the agency's affidavits regarding its search and related procedures are facially adequate, courts in rare cases may allow discovery if a plaintiff makes a specific showing that the agency acted in bad faith in handling the FOIA request.  *See, e.g.*, *Carney*, 19 F.3d at 812; *Jud. Watch, Inc. v. Dep't of Just.*, 185 F. Supp. 2d 54, 65 (D.D.C. 2002); *Exxon*, 2010 WL 4668452, at *5, 7.  Even if courts find at summary judgment that an agency's affidavits are facially inadequate, they often still do not order discovery, but instead direct the agency to supplement its affidavits and better describe its search and processing of records.  *Jobe*, 2019 WL 13222971, at *1–2; *see also, e.g.*, *Wolf v. CIA*, 569 F. Supp. 2d 1, 10 (D.D.C. 2008), *Beltranena v. Clinton*, 770 F. Supp. 2d 175, 184 (D.D.C. 2011); *cf. Exxon*, 2010 WL 4668452, at *6 (discussing how courts can direct an agency to produce a supplemental *Vaughn* index).  In this case, Plaintiffs do not yet have any basis to challenge the adequacy of FEMA's search and processing of records, as FEMA has not yet moved for summary judgment and submitted *Vaughn* declarations and other materials that would directly bear on whether any discovery should be allowed.  FEMA also is diligently processing for release certain Risk Rating records; this release could obviate or substantially narrow any summary judgment briefing and subsequent discovery.

Finally, some of Plaintiffs' discovery requests would be inappropriate even if they were made after FEMA moved for summary judgment.  For example, Plaintiffs' interrogatory and request for production on the percentage of FOIA responses that FEMA has invoked FOIA

Exemption (b)(4) are irrelevant to Plaintiffs' claims. Plaintiffs' other discovery requests—including discovery into when FEMA commenced a search for responsive records and the number of records discovered—will be addressed in the ordinary course as part of FEMA's summary judgment submissions.

## II.   Plaintiffs' Discovery Request Is Unduly Burdensome

In light of the foregoing analysis, Plaintiffs' discovery request is unwarranted and would be unduly burdensome. Plaintiffs have yet to refute the good faith of FEMA's search for responsive records; nor could they, since FEMA has not yet completed its processing of records, produced any responsive records, or submitted any summary judgment materials describing its efforts. Plaintiffs thus seek to enforce duties on FEMA that are not legally required at this point in the litigation, and could be unnecessary should FEMA's productions obviate the need for summary judgment at all. Additionally, Plaintiffs' discovery request unfairly burdens FEMA by requiring it to engage in discovery while it is (a) processing a large number of records on its multi-year effort to update flood insurance rates via Risk Rating 2.0, (b) preparing to produce certain records, (c) determining what records it must withhold, and (d) planning for potential summary judgment submissions. All this while FMEA is also compiling an especially large administrative record for the Administrative Procedure Act suit against Risk Rating 2.0 that St. Charles Parish is a part of and that is also before this Court. There is no judicial need to subject FEMA to this undue burden.[2]

---

[2] *See Louisiana v. DHS*, Case No. 2:23-cv-01839 (E.D. La), ECF No. 34-1 at 2 (discussing how it will take FEMA up to nine months to compile the administrative record because of its size and the complexity of the record materials).

**CONCLUSION**

For the reasons stated above, FEMA respectfully requests that the Court grant a protective order (1) precluding Plaintiffs from conducting any discovery, and (2) exempting FEMA from participating in any discovery until the Court rules on FEMA's summary judgment motion, should FEMA move for summary judgment.

Dated:  August 22, 2023                        Respectfully submitted,

                                               BRIAN M. BOYNTON
                                               Principal Deputy Assistant Attorney
                                               General

                                               MARCIA BERMAN
                                               Assistant Branch Director
                                               Civil Division, Federal Programs Branch

                                               */s/ Yoseph T. Desta*
                                               YOSEPH T. DESTA (CA Bar No. 332179)
                                               Trial Attorney
                                               United States Department of Justice
                                               Civil Division, Federal Programs Branch
                                               1100 L Street NW
                                               Washington, D.C. 20005
                                               Phone: 202-305-3080
                                               Email:  Yoseph.T.Desta@usdoj.gov

                                               *Counsel for Defendant*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2023, the foregoing was filed electronically through ECF/CM.  On this same date, electronic service will be made to all counsel of record through the Court's ECF/CM system.

*/s/ Yoseph T. Desta*
YOSEPH T. DESTA
Trial Attorney, U.S. Department of Justice