# EXHIBIT A



U.S. Department of Justice

Civil Division
*Washington, DC*

JCS:YDesta
233279-2979

Telephone:
(202) 305-3080

**ELECTRONICALLY DELIEVERED AUGUST 15, 2023**

Christopher J. Kane
Adams and Reese LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139

      Re:    Interrogatories and Requests for Production to FEMA,
               <u>St. Charles Parish et al., v. FEMA</u>, No. 2:23-cv-01369 (ED. La.)

Dear Mr. Kane:

      This letter concerns the Interrogatories and Requests for Production to FEMA, served by you on behalf of Plaintiffs St. Charles Parish and Matthew Jewell on August 11, 2023. FEMA objects to Plaintiffs' interrogatories and requests for production, and it requests that Plaintiffs withdraw them. If Plaintiffs do not withdraw their discovery request by August 17, 2023, FEMA will seek a protective order from the Court.

      As discussed on our telephone call on July 24, 2023, discovery is generally inappropriate and exceedingly rare in Freedom of Information Act ("FOIA") cases.[1] FOIA cases are almost always resolved by way of summary judgment motions, with neither party conducting discovery.[2] At summary judgment, the government's summary judgment submission includes a declaration and/or *Vaughn* index that describes any withheld information with enough detail to demonstrate that the information is properly exempt under a FOIA exemption, and also explains how disclosure of the particular information would damage the interest protected by the claimed FOIA

---

[1] *See, e.g.*, *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (similar); *Brewer v. U.S. Dep't of Just.*, No. 3:18-CV-1018-B-BH, 2018 WL 6068945, at *1 (N.D. Tex. Nov. 20, 2018) (summarizing cases); *Jobe v. Nat'l Transp. Safety Bd.*, No. CV 18-10547, 2019 WL 13222971, at *1 (E.D. La. Aug. 29, 2019) (summarizing cases).

[2] *See, e.g.*, *Rugiero v. U.S. Dep't of Just.*, 257 F.3d 534, 544 (6th Cir. 2001) ("Procedurally, district courts typically dispose of FOIA cases on summary judgment before a plaintiff can conduct discovery."); *accord Jones v. FBI*, 41 F.3d 238, 242 (6th Cir. 1994); *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993); *Jobe*, 2019 WL 13222971, at *1.

exemption.[3]  If the plaintiff challenges the adequacy of the search, the agency's declaration would describe the agency's search for responsive records.[4]  The purpose of the declaration and/or *Vaughn* index is to provide the plaintiff with a meaningful opportunity to contest, and the Court an adequate foundation to review, the adequacy of the agency's search and the soundness of any withholdings. [5]  If Court is satisfied that the index is sufficiently specific and that any supporting affidavits are sufficiently detailed and submitted in good faith,[6] and the plaintiff has not adequately called these submissions into question, summary judgment—without any discovery—is the appropriate mechanism for resolving the case.[7]  "Allowing Plaintiff to conduct . . . discovery before Defendants file a motion for summary judgment would essentially provide the relief [it] seeks through [a FOIA] lawsuit.  Only after they file a motion for summary [judgment] and supporting affidavits will the Court have the information necessary to appropriately limit the scope of discovery or forgo it entirely."[8]  As a result, courts across the country routinely prevent pre-summary judgment requests for discovery.[9]  Plaintiffs identify *zero* basis for departing from longstanding case law governing FOIA cases.  On this basis, FEMA opposes Plaintiffs' interrogatories and requests for production.

Plaintiffs' attempts to obtain discovery are at best premature.  Indeed, "[o]nly after the government has filed its [summary judgment materials] can a factual issue arise that is properly the subject of discovery."[10]  To the extent district courts allow discovery in FOIA cases after this point, they do so "sparingly," and only on the limited question of the adequacy of the agency's

---

[3] *See, e.g.*, *Rugiero*, 257 F.3d at 544; *Vaughn v. Rosen*, 484 F.2d 820, 824 (D.C. Cir. 1973); *Jones,* 41 F.3d at 242; *Driggers v. United States*, No. 3:11-CV-0229-N, 2011 WL 2883283, at *1–2 (N.D. Tex. July 18, 2011); *Jobe*, 2019 WL 13222971, at *3.

[4] *See, e.g.*, *Exxon Mobil Corp. v. U.S. Dep't of Interior*, No. CIV.A. 09-6732, 2010 WL 4668452, at *5 (E.D. La. Nov. 4, 2010), *objections overruled*, No. CIV.A. 09-6732, 2011 WL 39034 (E.D. La. Jan. 3, 2011).

[5] *See, e.g.*, *Wiener v. FBI*, 943 F.2d 972, 977 (9th Cir. 1991), *reh'g denied*, 951 F.2d 1073, (9th Cir. 1991); *King v. U.S. Dep't of Just.*, 830 F.2d 210, 218 (D.C. Cir. 1987); *Driggers,* 2011 WL 2883283, at *1.

[6] Agency affidavits are entitled to a presumption of good faith.  *See, e.g.*, *Jones,* 41 F.3d at 242 (citing *U.S. Dep't of State v. Ray,* 502 U.S. 164, 179 (1991)).

[7] *See, e.g.*, *Rugiero,* 257 F.3d at 544; *Carney v. U.S. Dep't of Just.*, 19 F.3d 807, 812 (2d Cir. 1994); *Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of Treasury*, 534 F. Supp. 2d 1126, 1131–32 (N.D. Cal. 2008); *Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), *aff'd*, 349 F.3d 657 (D.C. Cir. 2003); *Jobe*, 2019 WL 13222971, at *1.

[8] *Driggers,* 2011 WL 2883283, at *2.

[9] *See supra* nn.1–2, 4–5, 7–8; *infra* nn.11–13.

[10] *Driggers,* 2011 WL 2883283, at *1 (citing *Murphy v. FBI*, 490 F. Supp. 1134, 1137 (D.D.C. 1980)).

search for responsive records and its identification and retrieval procedures.[11] If the agency's affidavits regarding its search and related procedures are facially adequate, courts only allow discovery if a plaintiff makes a specific showing that the agency acted in bad faith in handling the FOIA request.[12] Even if courts find at summary judgment that an agency's affidavits are facially inadequate, they often still do not order discovery, but instead direct the agency to supplement its affidavits and better describe its search and processing of records.[13] In this case, Plaintiffs do not yet have any basis to challenge the adequacy of FEMA's search and processing of records, as FEMA has not yet moved for summary judgment and submitted affidavit and *Vaughn* index materials that would directly bear on whether any discovery should be allowed. As indicated on our July 24 call, FEMA is willing to meet and confer to agree to a summary judgment briefing schedule to propose to the Court, so that the parties can make progress in resolving this case. To that end, FEMA also is diligently processing for release certain Risk Rating records; this release could obviate or substantially narrow any summary judgment briefing and subsequent discovery.

Finally, some of Plaintiffs' discovery requests would be inappropriate even if they were made after FEMA moved for summary judgment. For example, Plaintiffs' interrogatory and request for production on the percentage of FOIA responses that FEMA has invoked FOIA Exemption (b)(4) are irrelevant to Plaintiffs' claims. Plaintiffs' other discovery requests—including into when FEMA commenced a search for responsive records and the number of records discovered—will be addressed in the ordinary course as part of FEMA's summary judgment submissions.

Based on the foregoing analysis, FEMA requests that Plaintiffs withdraw their August 11, 2023, discovery request. If Plaintiffs do not do so by August 17, 2023, FEMA intends to seek a protective order.

                Best regards,

                */s/ Yoseph T. Desta*
                Yoseph T. Desta
                Trial Attorney
                Federal Programs Branch
                Civil Division

---

[11] *Jobe*, 2019 WL 13222971, at *1–2; *accord Lawyers' Comm. for Civil Rights*, 534 F. Supp. 2d at 1131-32; *Schiller v. INS*, 205 F. Supp. 2d 648 (W.D. Tex. 2002); *Exxon*, 2010 WL 4668452, at *4–6.

[12] *See, e.g.*, *Exxon*, 2010 WL 4668452, at *5, 7; *Carney*, 19 F.3d at 812.

[13] *Jobe*, 2019 WL 13222971, at *1–2; *see also, e.g.*, *Beltranena v. Clinton*, 770 F.Supp.2d 175 (D.D.C. 2011); *Exxon*, 2010 WL 4668452, at *6 (discussing how courts can direct an agency to produce a supplemental *Vaughn* index).