# EXHIBIT C



**ADAMS AND REESE LLP**

August 21, 2023

**Attorneys at Law**
Alabama
Colorado
Florida
Georgia
**Louisiana**
Mississippi
North Carolina
South Carolina
Tennessee
Texas
Washington, DC

**Christopher J. Kane**
Partner
Direct: 504.585.0155
E-Fax: 504.585.0938
christopher.kane@arlaw.com

*VIA E-MAIL*
Mr. Yoseph T. Desta
United Stated Department of Justice
Federal Programs Branch
1100 L Street
Washington, DC 20005

RE:  *St. Charles Parish, et al. v. FEMA*, Case No. 23-cv-01369 (EDLA)
Response to FEMA's Intent of Non-Responsiveness to
St. Charles Parish's Limited Discovery Requests

Mr. Desta:

    We are in receipt of FEMA's August 15, 2023 correspondence requesting St. Charles Parish and President Jewell ("the Parish") withdraw their limited discovery requests or face a Motion for a Protective Order from FEMA. On behalf of our clients, the Parish wholly rejects FEMA's request and the limited written discovery requests are not withdrawn.

    In FEMA's August 15, 2023 correspondence, it takes the broad position that FEMA is not required to respond to **any** discovery whatsoever. While generally citing to non-binding jurisprudence, FEMA cites only two (2) cases from the Eastern District of Louisiana for its position: *Jobe v. Nat'l Trans. Safety Bd.*, 2019 WL 13222971 (E.D. La. Aug. 29, 2019) and *Exxon v. U.S. Dept. of Interior*, 2010 WL 4668452 (E.D. La. Nov. 4, 2010). Both of those cases are factually distinguishable and actually support the Parish's limited right to written discovery.

    First, *Jobe* related to a fatal helicopter accident of tourists in Hawaii, and specifically fact-finding documents sought by a plaintiff's lawyer pertaining to the federal agency's investigation. The discovery dispute in *Jobe* related to the scope of the discovery – specifically Requests for Admissions – which is not the form of the requests being made by the Parish. Even in *Jobe* the federal agency agreed to respond to some discovery responses. FEMA takes a different approach here. Second, the discovery dispute in *Exxon* related to the appropriateness of a deposition subpoena and whether the federal agency complied with a previous court order related to its disclosure of discoverable information. The *Exxon* case related to lease permitting practices in the energy sector. Ultimately, the *Exxon* court determined that the discovery requests were beyond the permitted limited scope allowed under the appropriate jurisprudence and really focused on the adequacy of the *Vaughn* index itself, which was under review by the District Court concurrently. Here, FEMA has not provided documentation or a *Vaughn* index. Instead, it has generally affirmed that responsive documents exist, but maintains all of the documents are exempted from disclosure.

Both *Jobe* and *Exxon* affirm the Parish's position that it is entitled to the limited discovery requests it has propounded. The Parish is not seeking broad, open-ended discovery request, but the very type of limited discovery that is contemplated and permitted in FOIA disputes. As you are well aware, FEMA has not produced a single document in response to the Parish's FOIA request. As such, the Parish's written discovery is limited to the scope of the agency's search, the adequacy of the search, the agency's good-faith efforts in processing the documents requested, whether there is a pattern or practice of unreasonable delay in responding to the FOIA request, the policy and practice of FEMA related to the responsiveness of the FOIA request, whether documents have been released to other parties (intergovernmental or otherwise), and similar limited discovery. The Eastern District of Louisiana has permitted similar limited written discovery and certainly has the discretion to do so in this instance. Here, there is no dispute that documents responsive to the Parish's request exist. FEMA has acknowledged as much in its response to the Parish and publically on numerous occasions. Despite a spectrum of requests that have included Congressional oversight, GAO review and FOIA requests similar to the Parish, FEMA has intentionally chosen to withhold public documentation related to the risk modeling for "Risk Rating 2.0." Simply put, the written discovery requests are well within the statutory and jurisprudential authority of the Parish, and the citizens of St. Charles Parish have a right to access such essential documentation.

During our preliminary telephone conference on July 24, 2023, you informed us that FEMA intended to file a *Vaughn* index contemporaneous with its dispositive Motion for Summary Judgment. After discussing the uniqueness of this FOIA case, you agreed to confer with FEMA regarding the exchange of the *Vaughn* index as soon as possible in lieu of waiting until the filing of the dispositive motion. It is disappointing to learn that FEMA not only intends to not cooperate in the production of the *Vaughn* index to assist in the efficient and reasonable discourse of this matter, but in fact, now will seek a protective order. If transparency is truly a priority to FEMA, as you stated it was during our telephone conference, then it should reconsider seeking such an extraordinary remedy – of which the Parish believes FEMA will be denied.

As the Parish has continuously stated since its initial FOIA request, its efforts to obtain the requested documents and the information contained therein has a direct, immediate and significant impact to its constituents. Now in the height of the 2023 hurricane season, the Parish made its FOIA request 291 days ago (and counting) without receiving a single document from FEMA. For these reasons, the Parish does not intend to withdraw its limited written discovery and respectfully requests FEMA respond within the time delays permitted by the Federal Rules of Civil Procedure. The Parish further reserves any and all additional discovery rights the law affords it in this matter.

Please do not hesitate to contact us should you have any questions concerning this matter. With kindest regards we remain,

    Sincerely,

    **Adams and Reese LLP**

    */s/ Christopher J. Kane*
    **Christopher J. Kane**