**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ST. CHARLES PARISH, ET AL.**                                  **CIVIL ACTION**

**VERSUS**                                                      **NO. 23-1369**

**FEDERAL EMERGENCY**                              **SECTION: "P" (5)**
**MANAGEMENT AGENCY**

**ORDER ON MOTION**
**SEPTEMBER 6, 2023**

APPEARANCES:

MOTION:

(1)       Motion for a Protective Order Precluding Discovery (rec. doc. 12)

_____ :              Continued to

_____ :              No opposition.

___1___ :              Opposition.  (Rec. doc. 16).

**ORDERED**

_____ :              Dismissed as moot.

_____ :              Dismissed for failure of counsel to appear.

___1___ :              Granted in part.  The Court agrees with FEMA that district courts allow pre-summary judgment discovery only 'sparingly,' and generally only on the limited question of the adequacy of the agency's search for responsive records and its identification and retrieval procedures.  *See, e.g., Jobe v. Nat'l Transp. Safety Bd.*, No. CV 18-10547, 2019 WL 13222971, at *1-*2 (E.D. La. Aug. 29, 2019); *accord Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of Treasury*, 534 F. Supp. 2d 1126, 1131-32 (N.D. Cal. 2008).  However, the facts of this case are such that discovery "on the limited question of the adequacy of the agency's search for responsive records and its identification and retrieval procedures" is appropriate.  *Jobe*, 2019 WL 13222971, *2.  FEMA did not respond to Plaintiffs' initial request for some two months – far beyond the deadline to do so.  In that response, FEMA indicated it was withholding <u>all</u> of the requested records pursuant to Exemption (b)(4) of 5 U.S.C. § 552.  (Rec. doc. 16).  Plaintiffs appealed that decision to FEMA on February 27, 2023 and have still not received a final decision or

response.  (*Id.*).  These facts – most notably FEMA's blanket invocation of confidentiality over documents that appear, at least to some extent, to be publicly available (rec. doc. 16-7) – call into question the adequacy of FEMA's search for documents and whether it has responded in good faith.  Indeed, statements made by FEMA in its Reply Memorandum reinforce this notion.  FEMA states that it "has made considerable progress in its processing of records" and that it "anticipates" that "certain responsive records are exempt from disclosure."  (Rec. doc. 18-2).  This begs the questions (1) why is FEMA still "processing" records when (2) it previously informed Plaintiffs that all the requested records were exempt from disclosure?  Limited discovery is appropriate here.  Accordingly, the motion for protective order is granted as to Interrogatories 1-3 and 11-16 and Requests for Production 1 and 4.  The motion is denied as to Interrogatories 4-10 and Requests for Production 2-3, and FEMA is directed to respond within 14 days to those requests.

_____:   Denied.

_____:   Other.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

2