UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. CHARLES PARISH, LOUISIANA AND MATTHEW JEWELL, IN HIS OFFICIAL CAPACITY AS PARISH PRESIDENT<br>    *Plaintiffs*,<br><br>v.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY<br>    *Defendant*. | CIVIL ACTION: 23-cv-1369<br><br><br>JUDGE DARREL JAMES PAPILLION<br><br><br>MAGISTRATE JUDGE MICHAEL B. NORTH |

*EX PARTE* **CONSENT MOTION FOR EXTENSION OF EXPERT DEADLINES**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiffs, St. Charles Parish and Parish President Matthew Jewell (together, the "Parish"), who pursuant to Fed. R. Civ. P. 16, respectfully move for an order continuing the expert report deadlines in this matter. In support of this Motion, the Parish avers as follows:

1. This lawsuit arises out of the FEMA's refusal to provide any responsive documents to the Parish's Freedom of Information Act (FOIA) request in compliance with the time periods prescribed under the law.

2. The Parish submitted the following FOIA request to FEMA on November 3, 2022: "Please provide all data including but not limited to modeling data used to calculate NFIP [National Flood Insurance Program] flood insurance premiums in St. Charles Parish, Louisiana, in Risk Rating 2.0."

3. Under FOIA, FEMA had 20 days, excluding Saturdays, Sundays, and legal public holidays, after receipt of the request to determine whether to comply. 5 U.S.C. § 522(a)(6)(A)(i).

1

4. On November 23, 2022, FEMA sought clarity in connection with the request to "help the search tasker in finding records." That same day, the Parish responded and provided the requested clarity. Specifically, the Parish explained, "The NFIP uses risk modeling to determine how much premium to charge participants who participate in the flood insurance program. I am requesting the risk model used to assign premiums to St. Charles Parish residents. I believe Milliman was the company that did the modeling for FEMA."

5. On January 27, 2023, two months later and far beyond the period for compliance under FOIA, FEMA issued its Final Response informing the Parish that it would not release the requested records because the information was confidential and trade secrets pursuant to Exemption (b)(4) under 5 U.S.C. § 552. Thus, FEMA withheld all responsive information. FEMA did not indicate, however, whether it actually located any documents or how many documents were located, if any.

6. The Parish submitted a timely administrative appeal of FEMA's Final Response on February 27, 2023. FEMA again had 20 days, exclusive of Saturdays, Sundays and legal holidays, to respond. A few weeks later, on March 16, 2023, FEMA again requested clarity with regard to the request, asking for examples of the data that the Parish was requesting. The Parish responded on March 23, 2023, noting that its request for clarity was almost identical to its prior correspondence and also noting that the Parish could not identify for FEMA what data FEMA possessed, hence the reason for the request.

7. On April 14, 2023, beyond the time allowed for issuing a decision on the appeal, a representative of FEMA informed the Parish that it was awaiting transfer of the records and anticipated receiving the records soon. However, no documents were provided.

8.     Having constructively exhausted its administrative remedies, the Parish initiated this lawsuit on April 25, 2023.

9.     On August 11, 2023, the Parish served limited, written discovery requests to FEMA related to the scope of FEMA's search and it application of Exemption (b)(4).  FEMA objected and requested that the Parish retract its requests, and thereafter filed a motion for protective order (R. Doc. 12).

10.    In briefing on the motion for protective order, FEMA acknowledged that it was processing records in response to the request and thus it did in fact possess responsive, non-confidential documents (R. Doc. 20).

11.    Judge North granted in part and denied in part the motion for protective order on September 6, 2023, noting FEMA's admission called into question its search and good faith effort to respond to the Parish's FOIA request (R. Doc. 21, at 2).

12.    Thereafter, FEMA began producing documents in response to the FOIA request.

13.    On September 29, 2023, FEMA issued its first interim response to the Parish's FOIA request, explaining that it discovered 12,904 pages of records responsive to the request.  In its first production on that date, FEMA provided the Parish <u>524</u> pages of responsive documents.

14.    On November 2, 2023, FEMA issued its second production of <u>416</u> pages of responsive documents.

15.    On December 6, 2023, FEMA issued its third production of <u>3,480</u> pages of responsive documents.

16.    On January 5, 2024, FEMA issued its fourth production of <u>4,320</u> pages of responsive documents.

17. On February 6, 2023, FEMA issued its fifth production of 3,210 pages of responsive documents.

18. Thus, approximately 1,000 pages of responsive documents remain outstanding.

19. As the issue in this case concerns whether FEMA has responded to the Parish's FOIA request with all available responsive records, any expert for the Parish would have to examine all documents that FEMA has deemed available and responsive.

20. Accordingly, the Parish moves for an extension of its expert report deadline to 30 days after the date of FEMA's final production of documents and production of the *Vaughn* index.

21. FEMA is not opposed to the request to extend the deadlines, but rather believes at this juncture that expert reports are not appropriate or necessary.

**WHEREFORE**, the Parish prays that this Court grant this *Ex Parte* Consent Motion to Extend Expert Deadlines as prayed herein.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/ Erica P. Sensenbrenner*
CHRISTOPHER J. KANE (#29282)
ERICA P. SENSENBRENNER (#38400)
701 Poydras Street, Suite 4500
New Orleans, LA 70l39
Telephone: (504) 58l-3234
Facsimile: (504) 566-0210
Christopher.Kane@arlaw.com
Erica.Sensenbrenner@arlaw.com
***Attorneys for Plaintiffs***