UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. CHARLES PARISH, A POLITICAL SUBDIVISION OF THE STATE OF LOUISIANA, AND MATTHEW JEWELL, IN HIS OFFICIAL CAPACITY AS ST. CHARLES PARISH PRESIDENT,<br><br>*Plaintiffs,*<br><br>v.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY,<br><br>*Defendant.* | Civil Action No. 2:23-cv-01369<br><br>Section P<br><br>Judge Papillion<br><br>Magistrate Judge North |

## **DECLARATION OF MATTHEW CHAMBERLAIN**

I, Matthew Chamberlain, do hereby declare and state as follows:

1. Milliman, Inc. ("Milliman") is a risk management, benefits and technology firm that provides actuarial and related products and services to a wide range of clients.

2. Milliman is a contractor for the Federal Emergency Management Agency ("FEMA") and provided actuarial services to FEMA related to the "Risk Rating 2.0" initiative. I am the Lead Actuary for those contracts. I am a Principal and Consulting Actuary at Milliman and have been at the firm since 2011.

3. I am familiar with the Freedom of Information Act ("FOIA") request and Complaint filed by Plaintiffs St. Charles Parish and parish president Matthew Jewell, seeking disclosure of records sought through FOIA.

4. The statements contained in this declaration are based upon my personal knowledge, information provided to me in my official capacity, and conclusions I reached based on that knowledge or information.

### Milliman's Data in FEMA's Records

5. Risk Rating 2.0 is FEMA's actuarial update to the National Flood Insurance Program's pricing methodology.

6. The Plaintiffs' FOIA request sought "all data including but not limited to modeling data used to calculate NFIP flood insurance premiums in St. Charles Parish, Louisiana, in Risk Rating 2.0" and clarification that they were "requesting the risk model used to assign premiums to St. Charles Parish residents. I believe Milliman was the company that did the modeling for FEMA[.]"

7. Verisk, KatRisk, and CoreLogic are catastrophe modeling firms. FEMA licenses their flood models and used their models as part of the Risk Rating 2.0 initiative.

8. FEMA provided this data to Milliman and Milliman used it as part of its work on behalf of FEMA. Milliman's work on Risk Rating 2.0 is described in detail in the January 18, 2022, report on FEMA's website titled *National Flood Insurance Program: Risk Rating 2.0 Methodology and Data Sources.*[1]

### Withholding of Milliman Confidential Commercial Contract Information

9. Milliman contract information was redacted in Milliman contracts that were provided as part of this FOIA litigation.

10. The redacted information includes detailed information on the estimated number of hours and billing rates that were used to determine the price proposal Milliman submitted in

---

[1] https://www.fema.gov/sites/default/files/documents/FEMA_Risk-Rating-2.0_Methodology-and-Data-Appendix_01-22.pdf.

response to a FEMA Request for Proposals. This information would be valuable to our competitors who may respond to future Request for Proposals.

11. Because of the sensitivity of the information, it is Milliman's business practice to only provide cost estimates to external parties with a bona fide need to know. In general, this means that it is provided to clients, but not to third parties.

### Withholding of Other Vendors' Confidential Commercial Information

12. It is my understanding that FEMA withheld confidential commercial information records obtained from CoreLogic, KatRisk, and Verisk under FOIA Exemptions 4.

13. Catastrophe model data withheld may include the Average Annual Loss for specific locations, flood depths at specific locations, and other data. This data could provide valuable information about the vendor models.

14. In my experience this data is typically only available to those that have a contract with a model vendor or have executed a Non-Disclosure Agreement with the model vendor.

15. Were this data to become public it could put the model vendor at a competitive disadvantage by giving the model vendor's competitors insight into the model and make the model less valuable to potential customers.

16. FEMA asked Milliman whether this data was exempt for disclosure under FOIA. Milliman responded to FEMA that the data does not belong to Milliman and therefore Milliman cannot assert an exemption under FOIA, however it is our belief that the data includes confidential commercially valuable information, and we suggested that FEMA contact the model vendors.

I declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed on this 13th day of June 2024.

*Matthew Chamberlain*
Matthew Chamberlain
Principal and Consulting Actuary