

**U.S. Department of Homeland Security**
500 C Street, S.W. Mail Stop 3172
Washington, DC  20472-3172

March 12, 2024

**SENT VIA EMAIL**: christopher.kane@arlaw.com; Erica.Sensenbrenner@arlaw.com

Christopher J. Kane
Partner
Adams and Reese LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139

      RE:    St. Charles Parish, et al. v. Federal Emergency Management Agency, et al.
                  Civil Action No. 2:23-cv-01369

This is the sixth and final interim response to Freedom of Information Act (FOIA) request 2023-FEFO-00111 dated November 3, 2022, received in the U.S. Department of Homeland Security (DHS), Federal Emergency Management Agency (FEMA), Disclosure Branch via Secure Release on the same day.  You are seeking all data including, but not limited to, modeling data used to calculate the National Flood Insurance Program (NFIP) flood insurance premiums in St Charles Parish, Louisiana, in Risk Rating 2.0.

On November 23, 2022, you provided clarification stating that you are seeking the risk model used to assign premiums to St. Charles Parish residents.

A search was conducted in FEMA's Federal Insurance and Mitigation Administration (FIMA). FIMA located **12,904** pages of responsive records which are being released to you on a rolling basis.

On September 29, 2023, FEMA's Disclosure Branch issued its first interim response. **524** pages of responsive records were released to you in their entirety.

On November 2, 2023, FEMA's Disclosure Branch issued its second interim response. **416** pages of responsive records were released to you in their entirety.

On December 6, 2023, FEMA's Disclosure Branch issued its third interim response. **3,480** pages of responsive records were released to you in their entirety.

On January 5, 2024, FEMA's Disclosure Branch issued its fourth interim response. **4,320** pages of responsive records were released to you in their entirety.

On February 6, 2024, FEMA's Disclosure Branch issued its fifth interim response. **3,210** pages of responsive records were released to you in their entirety.

For FEMA's sixth and final interim response, **1,115** pages of responsive records are being partially released to you.[1]

It was necessary to withhold portions of the records consisting of confidential commercial information and draft, pre-decisional information. FEMA reasonably foresees that disclosure of this information would harm interests protected by the FOIA. I have relied on the following FOIA Exemptions to withhold this information.

FOIA Exemption, 5 U.S.C. §552(b)(4), exempts from disclosure matters that are "trade secrets and commercial or financial information obtained from a person and privileged or confidential." The records you have requested contain confidential "commercial or financial information" within the meaning of the statutory language. For this response, we withheld proprietary information. Most of the requested records contain confidential modeling data belonging to several vendors. The release of this information would cause a competitive harm to these vendors, and, accordingly, they keep this information private.

FOIA Exemption, 5 U.S.C. § 552(b)(5), exempts from disclosure interagency or intra-agency memoranda or letters consisting of judgments, drafts, pre-decisional documents, opinions, advice or recommendations which would not be available by law to a party other than an agency in litigation with FEMA and as such are not required to be disclosed under 5 U.S.C. § 552(b)(5). Internal documents, including the agency's deliberative processes, are protected by this exemption. The exemption also incorporates all civil discovery rules, including the protection of commercial information under Federal Rule of Civil Procedure 26(c). For this response, we withheld contract in-force dates. These dates could provide access to internal proprietary model output with the precise valuation date and compromise price negotiations with National Insurance Program reinsurers. We also partially withheld a draft document containing data that was not approved nor used in risk rating plans. Further, the "Loss Cost Multiplier – Proposed" data incorporated in this document is incorrect. The release of this data is likely to cause confusion as this information was never officially implemented in risk rating calculations. The disclosure of this material would not further the public interest at this time and would impede the operations of FEMA.

If you have any questions or would like to discuss this matter, you may contact this office at (202) 646-3323 or electronically at FEMA-FOIA@fema.dhs.gov and refer to **2023-FEFO-00111**.

Respectfully,

Stephanie Tucker
Lead Government Information Specialist
Disclosure Branch
Information Management Division
Federal Emergency Management Division

---

[1] FEMA's search identified 12,904 pages of responsive records for processing. FEMA has ultimately processed and disclosed 13,065 pages because, in the course of its processing of records from its search, its procurement office identified a handful of additional responsive contracts.