**EXHIBIT**

**D**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ST. CHARLES PARISH, LOUISIANA AND MATTHEW JEWELL, IN HIS OFFICIAL CAPACITY AS PARISH PRESIDENT**<br>         *Plaintiffs*, | **CIVIL ACTION: 23-cv-1369** |
| **v.** | **JUDGE DARREL JAMES PAPILLION** |
| **FEDERAL EMERGENCY MANAGEMENT AGENCY**<br>         *Defendant*. | **MAGISTRATE JUDGE MICHAEL B. NORTH** |

### DECLARATION OF MATTHEW JEWELL

1.  I, Matthew Jewell, am over 18 years of age and am competent to testify to the matters set forth herein.

2.  I am currently the Parish President of St. Charles Parish, Louisiana. I was inaugurated as Parish President on January 13, 2020 and I have served in that capacity since that day.

3.  St. Charles Parish (the "Parish") participates in FEMA's National Flood Insurance Program, also known as NFIP.

4.  The Parish relies on the NFIP to provide flood insurance to its residents.

5.  It is my understanding that in an effort to update the NFIP's risk-rating methodology as mandated by Congress, FEMA implemented a new pricing methodology dubbed Risk Rating 2.0.

6.  FEMA asserted that its new premium methodology would provide more equitable rates that better reflect flood risk.

7.  When FEMA released these new "equitable" insurance rates under Risk Rating 2.0, it was revealed that Louisiana residents, and especially residents of St. Charles Parish, would see sharp increases in flood insurance premiums.

8.  The Parish has felt these impacts directly, as insurance rates on Parish-owned property have sharply increased.

9.  On information and belief, since the implementation of FEMA's Risk Rating 2.0, a St. Charles Parish property owner has experienced on average an over 230% premium increase for flood insurance in the NFIP.

10.  In some instances, NFIP premiums have even exceeded a 700% increase for a St. Charles Parish property owner.

11. In addition, since flood insurance is a mandatory requirement by lenders for most, if not all, single family property owners who have a mortgage, this issue presents an immediate and urgent concern for St. Charles Parish and Louisiana citizens.

12. St. Charles Parish maintains a population of approximately 51,000 citizens with a median household income of $72,088.

13. The average NFIP premium per household in St. Charles Parish increased from $815 per year to $2,766.

14. For the average family in St. Charles Parish, Risk Rating 2.0 has absorbed almost 3% of their median household income in order for them to cover their increased flood insurance expense to maintain their mortgage.

15. Simply put, for Parish residents and many Louisianans, NFIP is no longer affordable.

16. I spoke with a number of local officials, many of whom shared my concerns for our residents and communities, and who were equally confused about how Louisiana's rates were rising so drastically with such little warning and available data.

17. It is crucial that the Parish is informed about how FEMA assesses and values infrastructure in the Parish and that the Parish understands the data FEMA relies upon when setting premiums so that the Parish can make informed policy decisions for coastal protection, flood mitigation, stormwater management and planning, and mitigation grant programing, among other public policy decisions.

18. Once armed with this data and information, the Parish can make smart public infrastructure investments and help educate its constituents on how they can make individualized decisions relative to where the property is located, how it is built and what is being covered.

19. I reviewed multiple publicly available documents FEMA released related to Risk Rating 2.0 and consulted with various field experts to educate myself and our community on the changes to the program.

20. To better understand the data affecting St. Charles Parish, I sought information and public records related to the data FEMA used to calculate new premiums in the NFIP for St. Charles Parish. This data was also important to review to ensure that the Parish and surrounding communities were treated equitably in the rate setting process.

21. On November 3, 2022, I submitted the following FOIA request to FEMA: "Please provide all data including but not limited to modeling data used to calculate NFIP flood insurance premiums in St. Charles Parish, Louisiana, in Risk Rating 2.0."

22. On November 23, 2022, FEMA asked for the specific data I was seeking to "help the search tasker in finding records." Attached as **Exhibit 1** to this Declaration is a true and correct copy of the Parish's correspondence with FEMA.

23. That same day, I responded and provided the requested clarity. I explained, "The NFIP uses risk modeling to determine how much premium to charge participants who participate in the flood insurance program. I am requesting the risk model used to assign premiums to St. Charles Parish residents." **Exhibit 1**.

24. In response, on November 25, 2023, FEMA advised it would let me know if it needed more information. **Exhibit 1**.

25. On January 27, 2023, two months after I submitted the FOIA request, FEMA issued its Final Response informing the Parish that it would not release the requested records because the information was confidential and considered trade secrets pursuant to Exemption 4 under 5 U.S.C. § 552. Attached as **Exhibit 2** to this Declaration is a true and correct copy of the Final Response the Parish received from FEMA.

26. The Final Response did not provide any information regarding whether FEMA had conducted a search, whether responsive documents had been located, and what documents, if any, were withheld pursuant to Exemption 4. **Exhibit 2**.

27. The Parish, through counsel, submitted a timely administrative appeal of FEMA's Final Response on February 27, 2023. Attached as **Exhibit 3** to this Declaration is a true and correct copy of the Parish's Appeal Letter to FEMA.

28. On March 16, 2023, FEMA again requested clarity with regard to the request, asking for examples of the data that the Parish was requesting. Attached to this Declaration as **Exhibit 4** is a true and correct copy of the FEMA's correspondence to the Parish following the appeal.

29. The Parish struggled to provide FEMA with "examples" of FEMA's own documents and information that it was withholding from the public's view. The Parish responded on March 23, 2023, noting that FEMA's request for clarity was almost identical to its prior correspondence and also noting that the Parish could not identify for FEMA what data FEMA

possessed, hence the reason for the request. Attached as **Exhibit 5** to this Declaration is a true and correct copy of the Parish's response to FEMA.

30.  On April 14, 2023, beyond the time allowed for issuing a decision on the appeal, a representative of FEMA informed the Parish that a second search had been conducted, the Disclosure Branch was awaiting transfer of the records, and it anticipated receiving the records "soon." Attached as **Exhibit 6** to this Declaration is a true and correct copy of FEMA's correspondence to the Parish.

31. The Parish did not receive any further communications or details from FEMA, including any communication about when FEMA might have published responsive material on its website or otherwise.

32. The Parish initiated this lawsuit on April 25, 2023 after constructively exhausting its administrative remedies.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on July 15, 2024.


Matthew Jewell

EXHIBIT

Jewell Ex. 1

**Erica Sensenbrenner**

| | |
|---|---|
| **From:** | Parish President Matthew Jewell <mlj@stcharlesgov.net> |
| **Sent:** | Wednesday, December 7, 2022 4:01 PM |
| **To:** | Christopher J. Kane |
| **Subject:** | Fwd: CLARIFICATION OF REQUEST 2023-00111 |



Matthew L. Jewell
Parish President, St. Charles Parish
P (985) 783-5000
P.O. Box 302 | Hahnville, LA 70057
Please be aware that receipt of and/or response to this email may be considered a public record.

**From:** Hawkins-Gross, Jacqueline (CTR) <jacqueline.hawkinsgross@associates.fema.dhs.gov>
**Sent:** Wednesday, December 7, 2022 7:15:01 AM
**To:** Parish President Matthew Jewell <mlj@stcharlesgov.net>
**Cc:** Bridges, Gregory <gregory.bridges@fema.dhs.gov>
**Subject:** RE: CLARIFICATION OF REQUEST 2023-00111

Your request is still being reviewed by our search tasker(s).


Thank you for your patience

**From:** Parish President Matthew Jewell <mlj@stcharlesgov.net>
**Sent:** Tuesday, December 6, 2022 10:58 PM
**To:** Hawkins-Gross, Jacqueline (CTR) <jacqueline.hawkinsgross@associates.fema.dhs.gov>
**Subject:** Re: CLARIFICATION OF REQUEST 2023-00111

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please select the Phish Alert Report button on the top right of your screen to report this email if it is unsolicited or suspicious in nature.

Jacqueline,

I am following up on the status of my request. I hate to bother you via email but again, I am locked out and the FOIA system isn't sending me an email to change the password.


Thanks,


Matthew L. Jewell
Parish President, St. Charles Parish
P (985) 783-5000
P.O. Box 302 | Hahnville, LA 70057
Please be aware that receipt of and/or response to this email may be considered a public record.

**From:** Parish President Matthew Jewell <mlj@stcharlesgov.net>
**Sent:** Friday, November 25, 2022 7:24:11 AM
**To:** Hawkins-Gross, Jacqueline (CTR) <jacqueline.hawkinsgross@associates.fema.dhs.gov>
**Subject:** Re: CLARIFICATION OF REQUEST 2023-00111

Great. Thank you.

Matthew L. Jewell
Parish President, St. Charles Parish
P (985) 783-5000
P.O. Box 302 | Hahnville, LA 70057
Please be aware that receipt of and/or response to this email may be considered a public record.

**From:** Hawkins-Gross, Jacqueline (CTR) <jacqueline.hawkinsgross@associates.fema.dhs.gov>
**Sent:** Friday, November 25, 2022 7:18:37 AM
**To:** Parish President Matthew Jewell <mlj@stcharlesgov.net>
**Subject:** RE: CLARIFICATION OF REQUEST 2023-00111

I will pass along the information to the search tasker. If more information is needed will let you know.

Thanks

**From:** Parish President Matthew Jewell <mlj@stcharlesgov.net>
**Sent:** Wednesday, November 23, 2022 4:47 PM
**To:** Hawkins-Gross, Jacqueline (CTR) <jacqueline.hawkinsgross@associates.fema.dhs.gov>
**Subject:** Re: CLARIFICATION OF REQUEST 2023-00111

---

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please select the Phish Alert Report button on the top right of your screen to report this email if it is unsolicited or suspicious in nature.

---

Jacqueline,

The NFIP uses risk modeling to determine how much premium to charge participants who participate in the flood insurance program. I am requesting the risk model used to assign premiums to St. Charles Parish residents. I believe Milliman was the company that did the modeling for FEMA. Does this help narrow the request?

Thanks,

Matthew L. Jewell
Parish President, St. Charles Parish
P (985) 783-5000
P.O. Box 302 | Hahnville, LA 70057
Please be aware that receipt of and/or response to this email may be considered a public record.

**From:** Hawkins-Gross, Jacqueline (CTR) <jacqueline.hawkinsgross@associates.fema.dhs.gov>
**Sent:** Wednesday, November 23, 2022 2:54:45 PM
**To:** Parish President Matthew Jewell <mlj@stcharlesgov.net>
**Subject:** CLARIFICATION OF REQUEST 2023-00111

I do apologize but we need for you to please tell us what specific data you are seeking?

This would help the search tasker in finding records.

Thanks

**From:** Hawkins-Gross, Jacqueline (CTR)
**Sent:** Monday, November 7, 2022 12:46 PM
**To:** MlJ@stcharlesgov.net
**Subject:** Acknowledgement letter for 2023-00111

November 7, 2022

SENT VIA E-MAIL TO:   MlJ@stcharlesgov.net

Re: FOIA Request Number 2023-FEFO-00111
        Acknowledgment

 Mr. Matthew  Jewell:

This email acknowledges receipt of your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), Federal Emergency Management Agency (FEMA), dated November 3, 2022, and received in this office on November 3, 2022. Please provide all data including but not limited to modeling data used to calculate NFIP flood insurance premiums in St Charles Parish,  Louisiana, in Risk Rating 2.0. Please provide this data in electronic format. Your request has been assigned the following tracking number 2023-FEFO-00111.
Due to current working conditions in response to the COVID-19 outbreak, please expect a delay in our response.  Please be assured that we continue our commitment to provide timely FOIA responses and are processing your FOIA request as soon as possible.

If you have any questions or would like to discuss this matter, please contact assigned FOIA specialist directly at, jacqueline.hawkinsgross@associates.fema.dhs.gov and reference the request number 2023-FEFO-00111. Again, if you require additional support, you may also contact FEMA's Public Liaison at FEMA-FOIA@fema.dhs.gov. If you need to contact FEMA's FOIA Public Liaison, then please reference the FOIA request number and address your email to "Attn: FEMA's Public Liaison" and summarize your concerns. You may also contact FEMA at (202) 646-3323, or you may contact FEMA's Public Liaison in the same manner.  Please reference FOIA request number 2023-FEFO-00111.
For a faster response please communicate by email.

Thank you for your interest in FEMA.

Sincerely,

Disclosure Branch
Information Management Division
Office of the Chief Administrative Officer
Federal Emergency Management Agency
U.S. Department of Homeland Security

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

EXHIBIT

Jewell Ex. 2

 FEMA

January 27, 2023

**SENT VIA E-MAIL TO:** MlJ@stcharlesgov.net

Re:    FOIA Request Number 2023-FEFO-00111 Final Response

 Dear Mr. Matthew Jewell:

This correspondence responds to of your Freedom of Information Act (FOIA) request to the
Department of Homeland Security (DHS), Federal Emergency Management Agency
(FEMA), dated November 3, 2022, and received in this office on November 3, 2022. Please
provide all data including but not limited to modeling data used to calculate NFIP flood
insurance premiums in St Charles Parish, Louisiana, in Risk Rating 2.0. Your request was
assigned the following tracking number 2023-FEFO-00111.

A search was conducted by The Federal Insurance and Mitigation Administration for documents
responsive to your request. The search resulted in no records being released, pursuant to Title 5
U.S.C. § 552: under FOIA Exemption "(b)(4)". Below is the statement concerning risk rating
model being considered a "trade secret" under FOIA exemption 4.

The development, implementation, or operation of the National Flood Insurance Program's
rating methodology known as Risk Rating 2.0 can be withheld from release under FOIA
Exemption 4. The Risk Rating Engine was designed using privately held data that the US
government purchased through contracting. Forcing the government through FOIA to reveal the
proprietary data of the third party would breach exemption 4 of the Freedom of Information Act
which protects trade secrets and commercial financial information. The modeling information is
very valuable and the company that produced it would be at a significant loss if it were to be
made public

**FOIA Exemption 4** protects trade secrets and commercial or financial information obtained
from a person that is privileged or confidential.  The courts have held that this subsection
protects (a) confidential commercial information, the disclosure of which is likely to cause
substantial harm to the competitive position of the person who submitted the information and (b)
information that was voluntarily submitted to the government if it is the kind of information that
the provider would not customarily make available to the public.

We recommend you use OpenFEMA. OpenFEMA is the public's resource for FEMA program
data which promotes a culture of Open Government and increasing transparency, participation,
and collaboration among the Whole Community in support of FEMA's mission to help people
before, during, and after disasters. The website for OpenFEMA is OpenFEMA | FEMA.gov.

You have the right to appeal if you disagree with FEMA's response. The procedure for administrative appeals is outlined in the DHS regulations at 6 C.F.R. §5.8. In the event you wish to submit an appeal, we encourage you to both state the reason(s) you believe FEMA's initial determination on your FOIA request was erroneous in your correspondence and include a copy of this letter with your appeal. Should you wish to do so, you must send your appeal within 90 working days from the date of this letter to fema-foia@fema.dhs.gov, or alternatively, via mail at the following address:

FEMA
Office of the Chief Administrative Officer
Information Management Division (FOIA
Appeals) 500 C Street, SW, Seventh Floor, Mail
Stop 3172 Washington, D.C. 20472-3172

As part of the 2007 amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies. You may contact OGIS in any of the following ways:

Office of Government Information Services
National Archives and Records
Administration 860 l Adelphi Road- OGIS
College Park, MD 20740-
600 l E-mail:
ogis@nara.gov
Web: https://ogis.archives.gov
Telephone: 202-741-5770/Toll-free: 1-877-684-6448
Facsimile: 202-741-5769

If you have any questions or would like to discuss this matter, please contact me the assigned FOIA specialist directly at, jacqueline.hawkinsgross@associates.fema.dhs.gov and reference the request number 2023-FEFO-00111. Again, if you require additional support, you may also contact FEMA's Public Liaison at FEMA-FOIA@fema.dhs.gov. If you need to contact FEMA's FOIA Public Liaison, then please reference the FOIA request number and address your email to "Attn: FEMA's Public Liaison" and summarize your concerns.

You may also contact FEMA at (202) 646-3323, or you may contact FEMA's Public Liaison in the same manner.  Please reference FOIA request number 2023-FEFO-00111.

For a faster response please communicate by email.

Thank you for your interest in FEMA.

Sincerely,

Greg Bridges
Disclosure Branch Chief
Information Management Division
Office of the Chief Administrative Officer
Federal Emergency Management Agency
U.S. Department of Homeland Security

# ADAMS AND REESE LLP ®

**EXHIBIT**

**Jewell Ex. 3**

**Attorneys at Law**
Alabama
Colorado
Florida
Georgia
**Louisiana**
Mississippi
North Carolina
South Carolina
Tennessee
Texas
Washington, DC

February 27, 2023

**Christopher J. Kane**
Partner
Direct:  504.585.0155
E-Fax:  504.585.0938
christopher.kane@arlaw.com

*__Via E-mail to fema-foia@fema.dhs.gov__*
Federal Emergency Management Agency
Office of the Chief Administrative Officer
Information Management Division (FOIA Appeals)
500 C Street, SW, Seventh Floor, Mail Stop 3172
Washington D.C. 20472-3172

Re:    **Appeal of Final Response to FOIA Request Number 2023-FEFO-00111**

To Whom It May Concern,

Our firm represents St. Charles Parish, Louisiana and Parish President Matthew Jewell. On November 3, 2022, President Jewell submitted the following Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), Federal Emergency Management Agency (FEMA):

> Please provide all data including but not limited to modeling data used to calculate NFIP flood insurance premiums in St. Charles Parish, Louisiana, in Risk Rating 2.0.

On November 23, 2022, President Jewell received a response asking for clarity about the specific data he was seeking because it would "help the search tasker in finding records." That same day, he responded stating, "The NFIP uses risk modeling to determine how much premium to charge participants who participate in the flood insurance program. I am requesting the risk model used to assign premiums to St. Charles Parish residents. I believe Milliman was the company that did the modeling for FEMA." President Jewell did not receive any further requests for clarity or information.

After sending multiple follow-up communications inquiring about the status of the request, President Jewell received a Final Response from FEMA on January 27, 2023. The Final Response indicates that a search was conducted but no records would be released in response pursuant to Exemption (b)(4) under 5 U.S.C. § 552. FEMA reasons that the information requested is considered a "trade secret" and thus exempted.

FOIA Appeal
2023-FEFO-00111
Page 2 of 4

The Final Response is nonresponsive, vague, and seems to rely on an outdated legal standard. Therefore, we submit this timely appeal.

"The FOIA was enacted to 'pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976)). "Consistently with this purpose, as well as the plain language of the Act, the strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173, 112 S. Ct. 541, 547, 116 L. Ed. 2d 526 (1991).

"FOIA requires federal agencies to disclose documents within their control upon request unless the documents fall within one of nine enumerated exceptions." *Berk v. Exec. Off. of United States Att'ys*, No. 21-10693, 2022 WL 17337821, *1 (5th Cir. Nov. 30, 2022) (citing 5 U.S.C. § 552(b)(1)-(9)). The exemptions to disclosure are explicitly limited by statute and should be construed narrowly. *Rose*, 425 U.S. at 361.

Accordingly, the law favors disclosure of public documents, and FEMA has the burden to show that documents were properly withheld under one of the enumerated exceptions. It has failed to do so.

**First**, because it is highly improbable that FEMA was unable to recover a single responsive and non-confidential document, it seems that the agency misunderstood the request, at least in part. The initial request sought **all data, including but not limited to modeling data,** that was used to calculate the NFIP. FEMA contends such information is confidential or trade secrets because

> [t]he Risk Rating Engine was designed using privately held data that the US government purchased through contracting. Forcing the government through FOIA to reveal the proprietary data of the third party would breach exemption 4 of [FOIA] which protects trade secrets and commercial financial information. The modeling information is very valuable and the company that produced it would be at a significant loss if it were to be made public.

The FOIA request, though, did not seek third party proprietary data or any type of algorithm that FEMA used to calculate the NFIP premiums in Risk Rating 2.0. Rather, the request seeks the data that is crucial to the residents of St. Charles Parish and will assist in understanding the risk rating in order to intelligently protect and advance the interest of its citizens. The information sought has a significant compelling public interest because it will inform and drive how the Parish invests public taxpayer dollars, such as in certain flood protection projects or other life-safety investments. As it currently stands, NFIP flood insurance rates are also a costly burden for many current and prospective homeowners. In addition to basic public safety concerns, the current rate structure places a huge impact on the region's residential real estate market. In addition, the rates impact small business owners by driving up costs that will be passed on to consumers, thereby making it difficult to remain competitive. Despite this, FEMA did not even state in its Final Response

whether it does or does not possess the requested information, although it is inconceivable that the agency does not have a single responsive non-confidential document.

**Second**, it is entirely unclear from the Final Response what documents were reviewed, if any, and how the agency determined the responsive documents, if any, constitute trade secrets. That is to say, the Final Response is so vague that it is impossible to understand FEMA's position regarding the confidentiality of the responsive documents or whether responsive documents do, in fact, constitute trade secrets. Accordingly, it cannot be ascertained from the Final Response that the agency conducted an adequate search or that it used methods that could be reasonably expected to produce the information requested. *See Batton*, 598 F.3d at 176.

**Finally**, in asserting that the documents are confidential, the agency relied on an outdated interpretation of what constitutes "confidential" under Exemption (b)(4). In support of its reliance on Exemption (b)(4), FEMA reasoned:

> The courts have held that this subsection protects (a) confidential commercial information, the disclosure of which is likely to cause substantial harm to the competitive position of the person who submitted the information and (b) information that was voluntarily submitted to the government if it is the kind of information that the provider would not customarily make available to the public.

Section (b)(4) provides an exemption under FOIA for "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). The Supreme Court recently established a test for the application of this exemption to answer the question: "when does information provided to a federal agency qualify as 'confidential'?" *Food Mktg. Inst. v. Argus Leader Media*, 204 L. Ed. 2d 742, 139 S. Ct. 2356, 2360 (2019). In *Argus*, the Supreme Court reviewed the plain text of the statute, noting that "confidential commercial information" does not appear in the statute, and it specifically rejected the "substantial competitive harm" test, which FEMA relied on in its Final Response. *See id.* at 2365-66. Rather, the Court established a two-prong test, and determined information is "confidential" under Exemption 4 if it is (1) "both customarily and actually treated as private by its owner" and (2) "provided to the government under an assurance of privacy." *Ryan, L.L.C. v. United States Dep't of Interior*, No. 22-10373, 2022 WL 17250186, *2 (5th Cir. Nov. 28, 2022) (quoting *Argus*, 139 S. Ct. at 2356, 2363-66).

The Supreme Court explained in *Argus* that an "assurance" can exist by way of a federal regulation. *Argus*, 139 S. Ct. at 2363 (holding an "assurance" existed when, as evidenced by 43 Fed. Reg. 43275 (1978) and 7 C.F.R. § 278.1(l), the "government has long promised" the "retailers who participate in SNAP" that "it will keep their information private"). FEMA, however, does not cite any such regulation in the Final Response. In addition, FEMA did not state whether it made assurances to the third party that its information would be maintained as confidential. It is not clear from the Final Response, and it would be surprising, that FEMA and/or the third party "customarily and actually treat[s] as private" the data compiled to calculate the flood premiums in Risk Rating 2.0. *See Ryan, L.L.C. v. United States Dep't of Interior*, No. 22-10373, 2022 WL 17250186, *2

FOIA Appeal
2023-FEFO-00111
Page 4 of 4

(5th Cir. Nov. 28, 2022) (quoting *Argus*, 139 S. Ct. at 2363). And as the Court explained in *Argus*, the potential for competitive harm is not a standard or consideration under the plain language of Exemption 4.

In summary, FEMA has not met its burden to show that all of the responsive information is confidential, and it has not met its burden to show that it performed a search using methods that could be reasonably expected to produce responsive documents. Rather, after almost two months, FEMA issued a Final Response that concluded, without support, that the requested documents are confidential under an outdated legal interpretation of Section 552(b)(4).

We look forward to your timely response.

Respectfully,

Christopher J. Kane
Erica P. Sensenbrenner

Enclosure
(FOIA Request Number 2023-FEFO-00111 Final Response)

**EXHIBIT**

**Jewell Ex. 4**

**Erica Sensenbrenner**

| | |
|---|---|
| **From:** | Tucker, Stephanie <stephanie.tucker@fema.dhs.gov> |
| **Sent:** | Thursday, March 16, 2023 8:36 AM |
| **To:** | Erica Sensenbrenner |
| **Subject:** | FEMA Disclosure Branch: FOIA Appeal 2023-FEAP-00003 |

Dear Mr. Kane and Ms. Sensenbrenner:

I have been assigned to process FOIA appeal 2023-FEAP-00003, submitted on behalf of St. Charles Parish, Louisiana and Parish President Matthew Jewell. Your client is seeking "...all data including but not limited to modeling data used to calculate NFIP flood insurance premiums in St. Charles Parish, Louisiana, in Risk Rating 2.0." For this request, I am initiating a second search for responsive records as well as determining the applicability of FOIA Exemption 4 which was previously used to withhold trade secret(s).

I want to ensure we are providing your client with the exact information sought. Please provide specific examples of records that would fall under "all data" described in the request. This will assist me with coordinating search efforts across FEMA.  A response is needed by Thursday, March 23, 2023.

Thank you,

Stephanie Tucker
Lead Government Information Specialist | Disclosure Branch | Information Management Division
Work: (202) 212-4395 Mobile: (202) 412-6156
stephanie.tucker@fema.dhs.gov
Federal Emergency Management Agency
**fema.gov**



ADAMS AND REESE LLP

**EXHIBIT**
**Jewell Ex. 5**

**Attorneys at Law**
Alabama
Colorado
Florida
Georgia
**Louisiana**
Mississippi
North Carolina
South Carolina
Tennessee
Texas
Washington, DC

March 23, 2023

Christopher J. Kane
Partner
Direct:  504.585.0155
E-Fax:  504.585.0938
christopher.kane@arlaw.com

***Via E-mail to fema-foia@fema.dhs.gov***
Federal Emergency Management Agency
Office of the Chief Administrative Officer
Information Management Division (FOIA Appeals)
500 C Street, SW, Seventh Floor, Mail Stop 3172
Washington D.C. 20472-3172

Re:     **Appeal of Final Response to FOIA Request Number 2023-FEFO-00111**
        ***Response to FEMA's March 16, 2023 Correspondence***

To Whom It May Concern,

On March 16, 2023, FEMA requested "specific examples of records that fall under "all data" described in the request." FEMA sent this nearly identical response on November 23, 2022 to St. Charles Parish, of which President Jewell promptly responded. That same day, President Matthew Jewel responded stating, "The NFIP uses risk modeling to determine how much premium to charge participants who participate in the flood insurance program. I am requesting the risk model used to assign premiums to St. Charles Parish residents. I believe Milliman was the company that did the modeling for FEMA."

St. Charles Parish is not privy to what data and information that either FEMA or Milliman has used to establish "Risk Rating 2.0" because FEMA has refused to disclose any information that it used to determine premiums charged by the NFIP for flood insurance coverage. Thus, it is impossible for St. Charles Parish to provide examples of the information that FEMA itself used in setting its own flood insurance premiums. As St. Charles Parish provided in detail in its February 27, 2023 Appeal, any data or information that is used by FEMA to establish the "Risk Rating 2.0" and the related flood insurance premiums is of great public interest because it will guide public officials in establishing policies, funding decisions and priorities for the citizens of St. Charles Parish. Thus, it is St. Charles Parish's position that any data or information considered by FEMA in establishing the "Risk Rating 2.0" and/or flood insurance premiums, it is entitled to such information.

FOIA Appeal
Response to March 16, 2023 Request
2023-FEFO-00111
Page 2 of 2

    We look forward to your timely response,

                        Respectfully,

                        Christopher J. Kane
                        Erica P. Sensenbrenner

EXHIBIT
Jewell Ex. 6

**Erica Sensenbrenner**

| | |
|---|---|
| **From:** | Tucker, Stephanie <stephanie.tucker@fema.dhs.gov> |
| **Sent:** | Friday, April 14, 2023 8:24 AM |
| **To:** | Erica Sensenbrenner |
| **Cc:** | Christopher J. Kane |
| **Subject:** | RE: FEMA Disclosure Branch: FOIA Appeal 2023-FEAP-00003 |

Good morning:

This email serves as an update concerning FOIA appeal, 2023-FEAP-00003. Given the guidance provided by your firm, a second search has been conducted. The Disclosure Branch is awaiting the transfer of records from the program office from which the records originated in. Our office has followed-up with this program office and we anticipate being in receipt of these records soon. I will send a subsequent email once the records have been successfully transferred.

Again, thank you all for your patience and we look forward to responding to your FOIA appeal.

Respectfully,

Stephanie Tucker
Lead Government Information Specialist | Disclosure Branch | Information Management Division
Work: (202) 212-4395 Mobile: (202) 412-6156
stephanie.tucker@fema.dhs.gov
Federal Emergency Management Agency
**fema.gov**

 FEMA

**From:** Tucker, Stephanie
**Sent:** Thursday, March 23, 2023 4:47 PM
**To:** Erica Sensenbrenner <Erica.Sensenbrenner@arlaw.com>
**Cc:** Christopher J. Kane <Christopher.Kane@arlaw.com>
**Subject:** RE: FEMA Disclosure Branch: FOIA Appeal 2023-FEAP-00003

Good afternoon:

Confirming receipt; thank you for your response.

V/r,

Stephanie Tucker
Lead Government Information Specialist | Disclosure Branch | Information Management Division
Work: (202) 212-4395 Mobile: (202) 412-6156
stephanie.tucker@fema.dhs.gov
Federal Emergency Management Agency
**fema.gov**



**From:** Erica Sensenbrenner <Erica.Sensenbrenner@arlaw.com>
**Sent:** Thursday, March 23, 2023 2:19 PM
**To:** Tucker, Stephanie <stephanie.tucker@fema.dhs.gov>
**Cc:** Christopher J. Kane <Christopher.Kane@arlaw.com>
**Subject:** RE: FEMA Disclosure Branch: FOIA Appeal 2023-FEAP-00003

---

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please select the Phish Alert Report button on the top right of your screen to report this email if it is unsolicited or suspicious in nature.

---

Ms. Tucker,

Please see the attached correspondence in response to your email below. Thank you,

Erica

**Erica Sensenbrenner** | ADAMS AND REESE LLP

Associate

701 Poydras Street, Suite 4500 | New Orleans, LA 70139
**P:** 504.585.0197
Erica.Sensenbrenner@arlaw.com | Bio | vCard | Twitter | LinkedIn

**From:** Tucker, Stephanie <stephanie.tucker@fema.dhs.gov>
**Sent:** Thursday, March 16, 2023 8:36 AM
**To:** Erica Sensenbrenner <Erica.Sensenbrenner@arlaw.com>
**Subject:** FEMA Disclosure Branch: FOIA Appeal 2023-FEAP-00003

Dear Mr. Kane and Ms. Sensenbrenner:

I have been assigned to process FOIA appeal 2023-FEAP-00003, submitted on behalf of St. Charles Parish, Louisiana and Parish President Matthew Jewell. Your client is seeking "...all data including but not limited to modeling data used to calculate NFIP flood insurance premiums in St. Charles Parish, Louisiana, in Risk Rating 2.0." For this request, I am initiating a second search for responsive records as well as determining the applicability of FOIA Exemption 4 which was previously used to withhold trade secret(s).

I want to ensure we are providing your client with the exact information sought. Please provide specific examples of records that would fall under "all data" described in the request. This will assist me with coordinating search efforts across FEMA.  A response is needed by Thursday, March 23, 2023.

Thank you,

Stephanie Tucker
Lead Government Information Specialist | Disclosure Branch | Information Management Division
Work: (202) 212-4395 Mobile: (202) 412-6156
stephanie.tucker@fema.dhs.gov
Federal Emergency Management Agency
**fema.gov**

