EXHIBIT
**F**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ST. CHARLES PARISH** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO:  23-1369 |
| | * | |
| | * | SECTION: P (5) |
| | | |
| **FEDERAL EMERGENCY** | * | JUDGE: PAPILLION |
| **MANAGEMENT AGENCY** | * | MAGISTRATE: NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

---

## INTERROGATORIES AND REQUESTS FOR PRODUCTION TO FEMA

---

Plaintiffs St. Charles Parish (the "Parish") and Matthew Jewell propound this First Set of Interrogatories, and Requests for Production of Documents to Defendant, the Federal Emergency Management Agency (FEMA).

## I

### DEFINITIONS

1. "Document" includes, but is not limited to, the original and all drafts of all written or graphic matter, however produced or reproduced, including electronically, of any kind or description, and all copies that are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise). Included in this definition are: books, records, reports, memoranda or notes of conversations and meetings, notes, letters, electronic mail, telegrams, cables, telexes, diaries, calendars, schedules, graphs, charts, contracts, releases, studies, blueprints, canceled checks, summaries, booklets, circulars, bulletins, instructions, minutes, bills, questionnaires, correspondence, financial statements, tapes, disks, programming source code, user manuals, advertising, promotional literature, tape recordings, microfilm, microfiche, videotapes, photographs, phonograph records, motion pictures, and data cards, as well as any other written, electronically stored or transferred, recorded, transcribed, punched, taped, filmed, or graphic matter, on which information is recorded in writing or in sound or in any other manner, of which you have possession, custody, or control.

1

2. "You" and "Your" shall mean FEMA, including employees, representatives, and agents of FEMA.

## II.

### INTERROGATORIES

1. In what form (i.e. hard copies, electronic) does FEMA maintain records and documents pertaining to Risk Rating 2.0 and the supporting data?

2. If FEMA maintains hard copies of records related to Risk Rating 2.0, how and where are these documents stored?

3. Describe in detail and with specificity FEMA's standard process for reviewing FOIA requests and searching for documents responsive to FOIA requests.

4. Did FEMA perform a search for documents to respond to the Parish's FOIA request?

5. On what date did FEMA commence a search for documents responsive to the Parish's FOIA request?

6. If FEMA conducted the requested search, describe or explain the searches performed by FEMA to satisfy the FOIA request, including search terms, location of the searches, and the number of persons who performed the search.

7. Identify the persons who performed the search for documents responsive to the Parish's FOIA request.

8. Did FEMA discover any records or documents whatsoever responsive to the Parish's FOIA request, regardless of whether the records were determined to be confidential or subject to any exemptions?

9. If FEMA discovered records responsive to the Parish's FOIA request, regardless of their alleged confidentiality, identify or explain the number of records or documents discovered.

10. If FEMA discovered records responsive to the Parish's FOIA request, identify or explain whether FEMA determined all documents discovered were subject to FOIA Exemption (b)(4).

11. If FEMA discovered records responsive to the Parish's FOIA request, explain where those documents were located.

12. If FEMA discovered records responsive to the Parish's FOIA request, explain where those documents are currently located.

13. Identify the person(s) who determined that some or all of the records responsive to the Parish's FOIA request were subject to the FOIA Exemption (b)(4).

14. Was any third party contractor consulted in determining whether records responsive to the Parish's FOIA request were confidential and subject to FOIA Exemption (b)(4)?

15. In the last 5 years, what percentage of FOIA responses has FEMA invoked FOIA Exemption (b)(4)?

16. Is FEMA in possession of any contracts, memoranda, research, statements, or guidance provided by third party contractors concerning the confidentiality of Risk Rating 2.0 data?


### III.

#### REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce any documents FEMA identified, referred to, or relied upon in answering Interrogatories 1-16.

2. Produce any and all non-privileged memoranda, research, statements, and guidance that FEMA utilizes regarding the application of FOIA Exemption (b)(4).

3. Produce any and all guidance that contractors handling Risk Rating 2.0 provided to FEMA regarding the alleged confidentiality of the Risk Rating 2.0 data.

4. Produce FEMA's *Vaughn* Index.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/ Christopher J. Kane*
Christopher J. Kane, T.A. (#29282)
Erica P. Sensenbrenner (#38400)
701 Poydras Street – Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
Christopher.Kane@arlaw.com
Erica.Sensenbrenner@arlaw.com

*Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

**I DO HEREBY CERTIFY** that I have served a copy of the above and foregoing pleading upon all counsel of record by hand, fax, electronic mail, or by placing same in the United States mail, first-class, postage prepaid, this 11th day of August, 2023.


*/s/ Christopher J. Kane*
Christopher J. Kane