EXHIBIT G

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| ST. CHARLES PARISH, A POLITICAL SUBDIVISION OF THE STATE OF LOUISIANA, AND MATTHEW JEWELL, IN HIS OFFICIAL CAPACITY AS ST. CHARLES PARISH PRESIDENT, <br><br> *Plaintiffs*, <br><br> v. <br><br> FEDERAL EMERGENCY MANAGEMENT AGENCY, <br><br> *Defendant*. | Civil Action No. 2:23-cv-01369 <br><br> Section P <br><br> Judge Papillion <br><br> Magistrate Judge North |

**DEFENDANT'S RESPONSES TO PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Defendant Federal Emergency Management Agency ("FEMA") hereby responds to Plaintiffs' interrogatories and requests for production, propounded on August 11, 2023, and limited by the Court in its order on September 6, 2023, Dkt. 21, as follows:

**I.      General Objections**

1.      The following general objections apply to, and are incorporated in, each individual response.

2.      FEMA objects to the definition of "Document" to the extent that the definition conflicts with or purports to expand upon FEMA's obligations under the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Louisiana.

3.      FEMA objects to the interrogatories and requests for production to the extent that they seek the disclosure of information subject to the attorney-client privilege, the attorney work-

product doctrine, other applicable privileges, or any statutory or regulatory restriction upon disclosure.

4. FEMA objects to the interrogatories and requests for production to the extent that they are overly broad or attempt to impose obligations that are unduly burdensome, expensive, or oppressive.

5. FEMA objects to the interrogatories and requests for production to the extent that they are vague and ambiguous.

6. FEMA objects to the interrogatories and requests for production to the extent that they are irrelevant to Plaintiffs' FOIA case.

7. Nothing contained in the following specific objections and responses constitutes a waiver of any applicable objection or privilege as to the requested discovery.

## II. Reservation of Rights & Objections

The foregoing general objections and the following specific objections and responses are based on FEMA's interpretation of Plaintiffs' interrogatories and requests for production and on information reasonably available to FEMA as of today. Defendant reserves the right to supplement these objections or responses if Plaintiffs purport to interpret the interrogatories and requests for production differently than FEMA or if FEMA discovers new information supporting additional objections or responses.

## III. Specific Objections and Responses

**Interrogatory No. 4**: Did FEMA perform a search for documents to respond to the Parish's FOIA request?

**RESPONSE**: FEMA performed a search for documents to respond to the Parish's FOIA request.

**Interrogatory No. 5**: On what date did FEMA commence a search for documents responsive to the Parish's FOIA request?

**RESPONSE**: FEMA's Disclosure Branch initiated its first search on November 25, 2022. The Disclosure Branch initiated a second search on March 8, 2023.

**Interrogatory No. 6**: If FEMA conducted the requested search, describe or explain the searches performed by FEMA to satisfy the FOIA request, including search terms, location of the searches, and the number of persons who performed the search.

**RESPONSE**: For the first search, FEMA's Disclosure Branch emailed a "tasker" to a FOIA liaison in FEMA Region 6,[1] where St. Charles Parish is located, for the requested records. A tasker is a FOIA search information form that initiates a search and ultimately documents how the search was performed. It includes a summary of the FOIA request, the name of the office tasked to search, the name of the employee who performed the search, where the search was performed, what search terms were used, and what was located. The employee who completes the search normally provides the search details in the tasker. The tasker here included the following summary of the FOIA request: "[p]lease provide all data including but not limited to modeling data used to calculate NFIP flood insurance premiums in St Charles Parish, Louisiana, in Risk Rating 2.0." The Region 6 liaison responded that the region did not have access to the records because National Flood Insurance Program ("NFIP") modeling data utilized to determine premiums belongs to the actuaries within FEMA. The liaison recommended the Disclosure Branch task the FOIA request to the actuaries within the Federal Insurance and Mitigation Administration ("FIMA"), an

---

[1] FEMA Region 6 consists of the states of Arkansas, Louisiana, New Mexico, Oklahoma, and Texas. FEMA Region 6's office is located at Federal Regional Center, 800 North Loop 288, Denton, TX 76209.

organization within FEMA which manages the NFIP and a range of programs designed to mitigate against future losses from all hazards including floods, earthquakes, tornadoes, and other natural disasters.[2] Because Region 6 did not have access to the requested records, the Region 6 liaison did not provide details in the tasker on how the search was performed, or identify who performed the search. The Disclosure Branch then sent the tasker to the FOIA liaison in FIMA. The FIMA FOIA liaison responded that FIMA was unable to provide the requested records because they are considered a "trade secret" under Exemption 4 of the FOIA. The tasker was not completed, and no information was provided on how the search was conducted. FEMA's inquiry into the details of this search is ongoing, and the agency will supplement if necessary.

The Disclosure Branch initiated a second search in response to Plaintiffs appealing the Disclosure Branch's response. For the second search, the Disclosure Branch emailed a new tasker to FIMA. The summary of the FOIA request referred to the original FOIA request and the appeal. Emails containing the original request, the appeal, and the parties' post-appeal correspondences regarding the scope of requested documents were provided to FIMA. In response to the initiation of the second search, FIMA determined that documents it collected (but that FEMA had not released) for a previous FOIA request from a separate requester (2022-FEFO-00776) contained all records that would be potentially responsive to Plaintiffs' request; this is because the previously collected documents contained all actuarial communications, reports, spreadsheets, data files, and other records provided to FEMA by Milliman, Inc. in connection with Milliman's work for the catastrophe modeling in Risk Rating 2.0. FIMA, in coordination with the Disclosure Branch, determined that specific pages in this prior FOIA request were all of the records potentially responsive to Plaintiffs' FOIA request, and it located the records from the prior request in a shared

---

[2] FIMA is located at 400 C Street SW, Room 313, Washington, DC 20472.

electronic database repository that both FIMA and the Disclosure Branch had access to. According to the tasker for the prior request, "shared files" were searched, "all requested documents" were located, and no search terms were used. The completed tasker from FIMA contained further details, stating the following:

> The Target Rate Level Exhibit shows the catastrophe model results, the derivation of the selected Average Annualized Losses (AALs) by state from the modeled results, how those AALs were rescaled by Occupancy type and Location, and the allocation of AALs by Coverage type (A/C) and Peril. Exhibits 10 and 11 show the derivation of each territory factor by Peril.
>
> Also, we would like to provide additional information that will be useful in gaining a better understanding of Risk Rating 2.0. FEMA has released full-risk rates data at the National, State, County, and Zip Code Levels for the public. The attached exhibits show the risk-based cost of flood insurance or the full actuarial rate for single-family homes under Risk Rating 2.0, using data from single-family policies renewed before Sept. 30, 2022. These exhibits will be updated and revised once data is available for all policyholders who have renewed their policies under Risk Rating 2.0.
>
> We will advise that the requester visit the Online resources for more information concerning full-risk rates under Risk Rating 2.0. The full-risk rates data can be found at: https://www.fema.gov/flood-insurance/work-with-nfip/risk-rating/single-family-home.

**Interrogatory No. 7**: Identify the persons who performed the search for documents responsive to the Parish's FOIA request.

**SPECIFIC OBJECTION**: FEMA objects to this interrogatory because the identity of the persons who performed the search is not relevant to any issues in the case.

**RESPONSE**: Subject to and without waiving the foregoing objection, Andy Neal, Branch Chief of FIMA's Actuarial and Catastrophic Modeling Branch, conducted the search that led to responsive records being located. Mr. Neal is no longer employed by FEMA.

**Interrogatory No. 8**: Did FEMA discover any records or documents whatsoever responsive to the Parish's FOIA request, regardless of whether the records were determined to be confidential or subject to any exemptions?

**RESPONSE**: Yes, FEMA located records responsive to the FOIA request.

**Interrogatory No. 9**: If FEMA discovered records responsive to the Parish's FOIA request, regardless of their alleged confidentiality, identify or explain the number of records or documents discovered.

**RESPONSE**: FEMA located a total of 12,904 pages of potentially responsive records.

**Interrogatory No. 10**: If FEMA discovered records responsive to the Parish's FOIA request, identify or explain whether FEMA determined all documents discovered were subject to FOIA Exemption (b)(4).

**RESPONSE**: As part of its ongoing review of the 12,904 pages of potentially responsive records, FEMA has determined that not all of the pages are subject to FOIA Exemption (b)(4). FEMA is continuing to review the responsive records and will release non-exempt records. As FEMA represented in the protective order briefing, it anticipates making an initial production of non-exempt records to Plaintiffs on or before October 6, 2023. Dkt. 18 at 8.

**Request for Production No. 2**: Produce any and all non-privileged memoranda, research, statements, and guidance that FEMA utilizes regarding the application of FOIA Exemption (b)(4).

**SPECIFIC OBJECTION**: FEMA objects to this request as vague, irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks any and all

communications regarding the application of Exemption 4, including internal emails between FOIA staff, in the course of responding to FOIA requests. FEMA has construed this request as seeking broadly disseminated or published non-privileged memoranda, research, statements, and guidance that FEMA utilizes regarding the application of FOIA Exemption (b)(4).

**RESPONSE**: FEMA utilizes the Department of Justice Guide to the Freedom of Information Act for the research and application of FOIA Exemption (b)(4). The Guide is available to the public at https://www.justice.gov/oip/doj-guide-freedom-information-act-0. FEMA also utilizes the guidance that the Department of Justice's Office of Information Policy has issued on Exemption (b)(4) after the Supreme Court's 2019 ruling in *Food Marketing Institute v. Argus Leader Media*. The guidance is available at https://www.justice.gov/oip/exemption-4-after-supreme-courts-ruling-food-marketing-institute-v-argus-leader-media, and https://www.justice.gov/oip/step-step-guide-determining-if-commercial-or-financial-information-obtained-person-confidential. FEMA also relies on the Department of Homeland Security's regulatory guidance on Exemption 4, available at 6 C.F.R. § 5.7.

**Request for Production No. 3**: Produce any and all guidance that contractors handling Risk Rating 2.0 provided to FEMA regarding the alleged confidentiality of the Risk Rating 2.0 data.

**RESPONSE**: Based on standard submitter notice letters that FEMA sent out, which notified contractors that Plaintiffs' FOIA request and litigation sought Risk Rating 2.0 modeling and algorithm data and that the contractors' information could be subject to withholding under FOIA Exemption 4, FEMA has received guidance from Milliman, Inc. (email dated July 5, 2023), as well as the three contractors that Milliman contracted with for Risk Rating 2.0 catastrophe modeling, Verisk Analytics, Inc. (letter dated June 27, 2023, provided by Milliman to FEMA with

its July 5, 2023 email), KatRisk LLC (letter dated August 17, 2023), and CoreLogic, Inc. (letter dated September 8, 2023). Defendant is producing those documents along with this response.

Dated:  September 20, 2023                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Yoseph T. Desta*
YOSEPH T. DESTA (CA Bar No. 332179)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Phone: 202-305-3080
Email: Yoseph.T.Desta@usdoj.gov

*Counsel for Defendant*

**VERIFICATION**

I, Gregory Bridges, am the Chief of the Disclosure Branch, Information Management Division, of the Federal Emergency Management Agency. I believe, based on a reasonable inquiry and on information that I obtained in the course of my official duties, that the foregoing answers to Interrogatories 4–10 and Requests for Production 2–3 are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: September 20, 2023

_____
GREGORY BRIDGES

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2023, the foregoing was served by email to Plaintiffs' counsel, Mr. Christopher Kane, consistent with counsel's email service of the Interrogatories and Requests for Production.

*/s/ Yoseph T. Desta*
YOSEPH T. DESTA
Trial Attorney, U.S. Department of Justice
